Opinion issued September 9, 2003











In The
Court of Appeals
For the
First District of Texas
____________

NO. 01-03-00905-CV
____________

IN RE RAHMAN ADAM WILLIAMS, Relator




Original Proceeding on Petition for Writ of Mandamus




O P I N I O NOn September 3, 2003, relator Rahman Adam Williams filed a petition for a
writ of mandamus complaining of Judge Smith’s


 denial of a writ of habeas corpus.
          Effective September 1, 2003, Brazos County is no longer a part of either the
First or Fourteenth Court of Appeals District. Act of May 1, 2003, 78th Leg., R.S.,
ch. 44, 2003 Tex. Sess. Law Serv. 81 (Vernon) (to be codified as an amendment of
Tex. Gov’t Code Ann. § 22.201(b), (o)). A court of appeals or a justice of the court
has jurisdiction to issue writs—other than writs of mandamus against a district or
county court judge in the court of appeals district—only when necessary to enforce
the jurisdiction of the appellate court. Tex. Gov’t Code Ann. § 22.221(a), (b)
(Vernon Supp. 2003). Because Brazos County is no longer in the First Court of
Appeals District and this is not a petition of a writ of mandamus to enforce this
Court’s jurisdiction, we have no subject-matter jurisdiction to issue a writ of
mandamus directed at Judge Smith.
          This is not the first time this Court has said farewell to the citizens of Brazos
County. When this Court was created in 1892, Brazos County was one of the 57
counties in the first supreme judicial district.


 Brazos County continued as a part of this Court’s district for 31 years, when the legislature in 1923 created the Tenth Court
of Civil Appeals in Waco and moved Brazos County from the first to the tenth
supreme judicial district. Act of Mar. 13, 1923, 38th Leg., R.S., ch. 74, § 1, 1923
Tex. Gen. Laws 152, 152 (since amended). In 1967, the legislature placed Brazos
County in the first, tenth, and fourteenth supreme judicial districts. For the next 36
years, appeals from Brazos County could be brought to either the First, Tenth, or
Fourteenth Courts of (Civil) Appeals. See Act of May 29, 1967, 60th Leg., R.S., ch.
728, § 1, art. 198, 1967 Tex. Gen. Laws 1952, 1952 (since amended). Now the
legislature has once again taken Brazos County out of this Court’s district (as well as
the Fourteenth Court’s), and appeals from Brazos County may only be brought to the
Tenth Court of Appeals at Waco. See Tex. Gov’t Code Ann. § 22.201(k) (Vernon
1988).
          Without reaching the merits of Williams’s petition for a writ of mandamus, we
dismiss it for want of jurisdiction.
 
PER CURIAM
Panel consists of Justices Hedges, Nuchia, and Higley.